| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br>A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>Tel: (323) 937-4501 Fax: (888) 316-6107<br>email: baruchcohen@baruchcohenesq.com<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:
LESLIE KLEIN

Debtor(s).

DAVID BERGER

Plaintiff(s),

vs.

LESLIE KLEIN

Defendant(s).

CASE NO.: 2:23-bk-10990-SK

CHAPTER: 11

ADVERSARY NO.: 2:23-ap-01169-SK

**REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)**

[No Hearing Required]

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): LESLIE KLEIN
2. Plaintiff filed the complaint in this adversary proceeding on (*specify date*): 07/07/2023
3. The summons and complaint were served on Defendant by    ☐ Personal Service    ☒ Mail Service
   on the following date (*specify date*): 06/10/2023
4. A conformed copy of the executed service of summons form is attached hereto.
5. The time for filing an answer or other responsive pleading expired on (*specify date*): 08/22/2023
6. No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: 11/28/2023

*(signature)*
Signature
Baruch C. Cohen
*Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Baruch C Cohen<br>4929 Wilshire Blvd Ste 940<br>Los Angeles, CA 90010<br><br>323–937–4501<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br>Leslie Klein<br><br><br><br>Debtor(s). | CASE NO.: 2:23–bk–10990–SK<br><br>CHAPTER: 11 |
|---|---|
| | ADVERSARY NUMBER: 2:23–ap–01169–SK |
| David Berger<br><br>Plaintiff(s)<br>Versus<br>Leslie Klein<br><br><br>Defendant(s) | **ANOTHER<br>SUMMONS AND NOTICE OF STATUS<br>CONFERENCE IN ADVERSARY<br>PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **08/07/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
        **Date:**            **September 6, 2023**
        **Time:**            **09:00 AM**
        **Hearing Judge:**   **Sandra R. Klein**
        **Location:**       **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*            Page 1          **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**

Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: July 7, 2023

                                        By: _____"s/" Thais D. May_____

                                                    Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                 Page 2                  **F 7004−1.SUMMONS.ADV.PROC**

## EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS

1. A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service of the summons and complaint must indicate that such copy was served therewith.

2. If the adversary proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with Local Bankruptcy Rule 7026-1 and Federal Bankruptcy Procedure Rule 7026 is required. Plaintiff must also file a proof of service of the notice together with the proof of service of the summons and the complaint.

3. If Local Bankruptcy Rule 7026-1 is applicable, counsel for the parties MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES, AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN SAID RULE. FEDERAL RULE OF CIVIL PROCEDURE 26(f) DOES NOT APPLY TO THIS PROCEEDING.

4. Unless all defendants have defaulted, the parties **must** file a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2) at least 14 court days before the date of the status conference using Local Form No. F 7016-1.1. This form may be found on the Court's website, www.cacb.uscourts.gov, by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms," and scrolling down to F 7016-1.1. If Local Bankruptcy Rule 7026-1 is applicable, the parties shall include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.

5. If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court pursuant to Local Bankruptcy Rule 7055-1(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion pursuant to Local Bankruptcy Rule 7055-1(b). These motions may be brought pursuant to Local Bankruptcy Rule 9013-1.

6. If the parties dispute whether the adversary proceeding is "core" or "non-core," they must file points and authorities in support of their positions. See 28 U.S.C. § 157. Any party that contends the proceeding is "non-core" must file and serve its points and authorities at least 14 days before the status conference. Any response must be filed and served at least 7 days before the status conference.

7. Unless a party objects in writing in the first Joint Status Report or the court orders otherwise, direct testimony at trial will be presented by declaration.

8. Failure to comply with these instructions may subject the responsible party to sanctions.

9.      At the initial status conference a date may be set for further status conference, a pre-trial conference and/or for trial.

10.     Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment and the adversary proceeding may be dismissed or judgment entered against the defaulting party, without further hearing.

                                                Sandra R. Klein
                                                United States Bankruptcy Judge

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiff David Berger*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES ANA DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>   Debtor and Debtor in Possession, | Case No. 2:23-bk-10990-SK<br><br>Hon. Sandra Klein<br><br>Chapter 11 |
| DAVID BERGER,<br><br>   Plaintiff<br><br>vs.<br><br>LESLIE KLEIN<br><br>   Defendant | **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)** |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

      Plaintiff-Creditor, David Berger ("Plaintiff"), complain for nondischargeability of debt & for denial of discharge against Defendant-Debtor, Leslie Klein ("Defendant"), and allege respectfully as follows:

**CORE/NON-CORE DESIGNATION**

1.    In accordance with Local Bankruptcy Rule 7008-1, Plaintiff alleges that this adversary proceeding constitutes a core proceeding under 28 USC § 157(b)(2). Plaintiff acknowledges that the Court has the power to enter final orders and judgments in this

matter. Plaintiff also consents to the Court's entry of final orders and judgments in this matter under FRBP Rule 7008.

**JURISDICTION, VENUE & STANDING**

2. This adversary proceeding arises under *In re Klein*, 2:23-bk-10990-SK, a Chapter 11 case commenced in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Case"). The Court has jurisdiction under 11 USC §§ 523 and 727, and 28 USC §§ 157 and 1334.

3. The venue is proper in this Court pursuant to 28 USC § 1409.

4. Plaintiff have standing to bring this action because Plaintiff is a(n omitted) creditor in the Bankruptcy Case under 11 USC § 101(10).

**PARTIES**

5. The following is a description of the relevant parties involved in the facts forming the basis of this Complaint.

6. Plaintiff is an individual, residing in Los Angeles County.

7. Defendant is an individual, whose principal residence is in Los Angeles County, California and who regularly conducted business from Los Angeles County, California. Defendant was a certified public accountant, formerly licensed by the State of California, and a former, and an attorney licensed by the State of California.[1] Defendant is the debtor in the above-captioned Chapter 11 bankruptcy case.

**GENERAL ALLEGATIONS**

8. The following general allegations form the background for the Plaintiff's claims for relief

---

[1] On September 10, 1992, the Supreme Court of the State of California, in State Bar Court Case No. 86-O-14258, ordered that Defendant be suspended from the practice of law for 18 months and further ordered that he take and pass the California Professional Responsibility Examination ("CPRE"). Defendant failed the November 1993 and January 1994 CPREs. In Case No. 86-O-14258, Defendant admitted to intentional misrepresentations. On August 3, 1995, the Supreme Court of the State of California, in State Bar Court Case No. 92-O-11716 (consolidated with Case Nos. 93-O-11825, 94-O-13951, 94-O12055, and 94-O15901) ordered that Defendant be suspended from the practice of law for one year. In Case No. 92-O-11716, as consolidated, Defendant admitted to willful violations of Rules of Professional Conduct concerning client trust accounts and conflicts of interest.

-2-

1 | against Defendant.

9. Defendant was the Plaintiff's friend and neighbor for more than 55 years.

10. Plaintiff did not receive timely notice of this bankruptcy proceeding as the Debtor omitted listing Plaintiff on his Schedule F - general unsecured creditors.

11. On 2-17-2009, Leslie Klein ("Klein") on behalf of Leslie Klien & Associates, entered into a *Memorandum of Agreement for Joint Venture* with Plaintiff (the "Gardner Memo").

12. On 2-17-2009, Klein on behalf of BK Life Settlements, LLC ("BK Life") entered into a *Life Insurance Policy Purchase Agreement* ("Gardner LIPPA") with Andrew and Yvette Gardner ("Gardner") for the purchase of two (2) $5,000,000.00 life insurance Policies #1625579 & #1621379 totaling $10,000,000.00 ("Gardner Policies") on the lives of Gardner. Klein designated Leslie Klien & Associates and Plaintiff as the sole beneficiaries of the Garner Policies. Klein had Plaintiff sign the Gardner LIPPA on behalf of the buyer BK Life.

13. In furtherance of the Gardner Memo, Plaintiff paid Klein's IOLTA account with his law firm, Leslie Klien & Associates, $400,000.00 towards the purchase of the two Gardner Policies.

14. Per the Gardner Memo, Klein promised to pay Plaintiff $5,000,000.00 upon the last Gardner to die.

15. On or about 11-16-2015, Klein wrote to Plaintiff:

Dear David: You are right. We have been friends for the last fifty years and I would not do anything that would adversely affect your interest in the Gardner policy.

16. Thereafter, Klein apparently sold portions or the entirety of the Gardner Policy to GMR Life Settlements LLC ("GMR Life") without Plaintiff's consent. Klein concealed this information from Plaintiff.

17. Thereafter, on or about May of 2011, Klein apparently sold portions or the entirety of the Gardner Policy and to Life Capital Group, LLC ("LCG"), without Plaintiff's consent.

-3-

Klein concealed this information from Plaintiff.

18. According to information recently received by Plaintiff, Klein and Shlomo Yehuda Rechnitz of LCG, agreed that upon the death of Gardner, Klein and Rechnitz would be reimbursed the premiums that they paid, plus interest on the premiums. Thereafter, Klein and Rechnitz would split the profits 50/50 of the Gardner Policy, and that Plaintiff would receive his $5,000,000.00.

19. The Gardner's apparently died in 2021 - 2022, and Klein collected the Gardner Proceeds, on the Gardner Policy. Klein concealed this information from Plaintiff, misappropriated & kept the Gardner Proceeds for himself, and failed to pay Plaintiff the $5,000,000.00 per the Gardner Memo.

20. Pursuant to by Bankruptcy Rule 3001(c)(2)(A), interest of 10% on the $5,000,000.00, since 2-17-2009 (1565 days at $1,369.8630 interest per day) comes to $2,143,835.62, bringing the total amount due at **$7,143,835.62**.

21. During this entire time, Defendant repeatedly assured Plaintiff that premiums of the Gardner Policy were being timely made, and that his investment in the Gardner Policy was secure and accruing interest.

**PLAINTIFF'S DISCOVERY OF DEFENDANT'S FRAUD**

22. On or about 7-29-2022, Plaintiff discovered the above-referenced frauds and concealment.

**FIRST CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(2)(A))**

23. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

24. At all relevant times, Defendant acted as Plaintiff' fiduciary - investment adviser. Plaintiff entrusted Defendant implicitly with his investment in the Gardner insurance policies.

25. Defendant owed Plaintiff fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiff' funds for legitimate

-4-

business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

26. Defendant embezzled and stole from Plaintiff. Defendant misrepresented the above-referenced information to Plaintiff for the purpose of convincing Plaintiff to invest in the Gardner Policy into Defendant's IOLTA client trust account. Defendant then stole more than $400,000.00 of Plaintiff' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, and breach of fiduciary duty.

27. Defendant's misappropriation of Plaintiff's funds and other property was unauthorized, without his consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiff of the possession, use and benefit of their funds and other property.

28. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiff' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiff have suffered damages in the amount of not less than $7,143,835.62.

29. Defendant's debt to Plaintiff is nondischargeable under 11 USC § 523(a)(2) because it was incurred as a result of false pretenses, false representations, and actual fraud.

30. The damages arising from Defendant's willful and malicious false pretenses, false representation and actual fraud to Plaintiff constitutes a debt against Defendant that is nondischargeable pursuant to 11 USC § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(4))**

31. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

32. At all relevant times, Defendant acted as Plaintiff' fiduciary - investment adviser. Plaintiff entrusted Defendant implicitly with his investments in the Gardner insurance policies.

33. Defendant owed Plaintiff fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiff' funds for legitimate

-5-

business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

34. Defendant embezzled and stole from Plaintiff. Defendant misrepresented the above-referenced information to Plaintiff for the purpose of convincing Plaintiff to invest in the Gardner Policy into Defendant's IOLTA client trust account. Defendant then stole more than $400,000.00 of Plaintiff' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

35. Defendant's misappropriation of Plaintiff' funds and other property was unauthorized, without his consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiff of the possession, use and benefit of his funds and other property.

36. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiff' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiff have suffered damages in the amount of not less than $7,143,835.62.

37. The damages to Plaintiff arising from Defendant's fraud, defalcation, embezzlement and larceny while acting in a fiduciary capacity constitutes a debt against Defendant that is non-dischargeable pursuant to 11 USC § 523(a)(4).

### THIRD CLAIM FOR RELIEF
### (Nondischargeability of Debt - 11 USC § 523(a)(6))

38. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

39. At all relevant times, Defendant acted as Plaintiff' fiduciary - investment adviser. Plaintiff entrusted Defendant implicitly with their investments in the insurance policies.

40. Defendant owed Plaintiff fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiff' funds for legitimate business purposes and to refrain from using his funds and other property for his own personal non-business purposes.

41. Defendant embezzled and stole from Plaintiff. Defendant misrepresented the above-

-6-

referenced information to Plaintiff for the purpose of convincing Plaintiff to invest in Gardner policies into Defendant's IOLTA client trust account. Defendant then stole more than $400,000.00 of Plaintiff' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

42. Defendant's misappropriation of Plaintiff' funds and other property was unauthorized, without his consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiff of the possession, use and benefit of their funds and other property.

43. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiff' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiff have suffered damages in the amount of not less than $7,143,835.62.

44. The damages to Plaintiff arising from Defendant's willful and malicious injury to Plaintiff constitutes a debt against Defendant that is non-dischargeable pursuant to 11 USC § 523(a)(6).

**FOURTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(2)(A))**

45. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

46. Plaintiff is informed and believes that within one year before the Petition, Defendant transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, Defendant's property.

47. As of the dates of the transfers, removals, and/or concealments of Defendant's property, Defendant had one or more unsecured creditors.

48. The transfers, removals, and/or concealments of Defendant's property prevented the distribution of Defendant's property to Defendant's unsecured creditors.

49. Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's creditors, including, without limitation, Plaintiff, transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, Defendant's property.

-7-

50. By transferring, removing, concealing, and/or permitting the transfer, removal, and/or concealment of Defendant's property with the intent to hinder, delay, and/or defraud at least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(A).

51. Defendant failed to list valuable property on his schedule of assets and failed in his statement of affairs to disclose property transfers.

52. Defendant has a reckless indifference to the truth.

**FIFTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(2)(B))**

53. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

54. Plaintiff is informed and believes that After the Petition, Defendant transferred, removed, concealed, and/or permitted to be transferred, removed, and/or concealed, property of the Bankruptcy estate.

55. As of the dates of the transfers, removals, and/or concealments of the property of the estate, Defendant had one or more unsecured creditors.

56. The transfers, removals, and/or concealments of the property of the estate prevented the distribution of this property to Defendant's unsecured creditors.

57. Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's creditors, transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, property of the estate.

58. By transferring, removing, concealing, and/or permitting the transfer, removal, and/or concealment of estate property, with the intent to hinder, delay, and/or defraud at least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(B).

59. Defendant failed to list valuable property on his schedule of assets and failed in his statement of affairs to disclose property transfers.

60. Defendant has a reckless indifference to the truth.

///

///

-8-

**SIXTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(3)**)

61. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

62. Plaintiff is informed and believes that Defendant has not maintained adequate books and records from which Debtor's financial condition can be ascertained. Debtor has consistently not maintained adequate books and records. His failure to keep adequate books and records is not justified considering the circumstances articulated in this Complaint.

63. Defendant has concealed, destroyed, falsified, and/or failed to keep or preserve information from which Defendant's financial condition and/or business transactions might be ascertained.

64. Defendant has not been cooperative with the Office of the United States Trustee ("OUST") or with his creditors. Defendant has intentionally withheld records, books, documents, and/or other papers relating to Defendant's property and/or financial affairs.

65. Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(3).

**SEVENTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(4)**)

66. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

67. Plaintiff is informed and believes that Defendant has not made simple isolated errors or omissions in his Bankruptcy filings. Defendant's filings, such as his schedules and statement of affairs, do not reflect inadvertence or incompetence; rather, they exhibit fraudulent intent.

68. Defendant has a pattern of misleading conduct.

69. Defendant has a reckless indifference to the truth.

70. Defendant has failed to list assets in his schedules.

71. Defendant has falsely testified in the 341 Meeting.[2]

72. Defendant has knowingly and fraudulently made false oaths and/or accounts in the Bankruptcy Case.

73. Defendant has failed to provide records which are necessary for the OUST and his creditors to properly understand Defendant's financial condition and/or recent business transactions.

74. Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(4).

**EIGHTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(5)**

75. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

76. Defendant has failed to explain satisfactorily his deficiency and/or loss of assets to meet Debtor's liabilities. No determination has yet been made of an entitlement to a discharge in this Bankruptcy Case.

77. Considering the foregoing, Defendant's discharge must be denied under 11 USC §  727(a)(5).

---

[2] At the 3-13-2023 341(a) Meeting, Defendant at circa 11:15 testified in response to omissions to be brought to the attention of the United States Trustee ("UST"), that there were only "three minor errors" which he thought that his attorney corrected. Defendant testified that there were "no" errors related to any assets that he owns. At circa 12:52, Defendant testified that he identified all assets on his schedules. Defendant at circa 1:18:30-1:09:21 testified that in the year before the Bankruptcy, he received no commissions from his third-party life insurance deals. At circa 1:20:18, Defendant testified that he has not ever collected money on his third-party life insurance deals. At circa 1:22:18, Defendant testified that he has never received a payoff on his third-party life insurance deals. At circa 1:23:21, Defendant testified that four people have died and that he has received no money. Defendant at circa 1:39:00 testified, in response to whether he had transactions with Shlomo Rechnitz in the last five or six months relating to the thirdparty life insurance policies, "nope." Defendant testified that he does not remember paying the premiums for these policies out of his attorney client trust account at any time. Defendant at circa 1:40:03 testified that he does not remember depositing his own funds into his attorney-client trust account so that these insurance premiums could be paid. In response to the question of whether Defendant traveled out of the country anywhere recently, other than Israel, Defendant at circa 2:23:00 testified, "nope." In response to the question of whether Defendant has bank accounts in Israel, Defendant at circa 2:26:48 testified, "nope." Defendant at circa 2:59:15 testified that he has not transferred any assets within the last year to a third party. Defendant at circa 2:59:33 testified that he has not given any gifts more than $12,000.00 to his family.

-10-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request judgment on the Complaint as follows:

1. On the First Claim for Relief, Plaintiff seek an order determining that Defendant is indebted to Plaintiff in an amount not less than $7,143,835.62 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(2)(A);

2. On the Second Claim for Relief, Plaintiff seek an order determining that Defendant is indebted to Plaintiff in an amount not less than $7,143,835.62 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(4);

3. On the Third Claim for Relief, Plaintiff seek an order determining that Defendant is indebted to Plaintiff in an amount not less than $7,143,835.62 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(6);

4. On the Fourth Claim for Relief, Plaintiff seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(A);

5. On the Fifth Claim for Relief, Plaintiff seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(B);

6. On the Sixth Claim for Relief, Plaintiff seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(3);

7. On the Seventh Claim for Relief, Plaintiff seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(4);

8. On the Eighth Claim for Relief, Plaintiff seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(5);

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem appropriate.

DATED:      June 9, 2023           LAW OFFICE OF BARUCH C. COHEN
                                   A Professional Law Corporation

                                   By ___/S/ Baruch C. Cohen_____
                                   Baruch C. Cohen, Esq.
                                   *Attorney For Creditor David Berger*

-11-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS, and COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/10/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (PL)  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Michael I. Gottfried (IP)  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
Nikko Salvatore Stevens (IP)  nikko@cym.law, mandi@cym.law
United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 7/10/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Leslie Klein, 322 N. June Street, Los Angeles, CA 90001

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 7/10/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/10/2023 | Baruch C Cohen | /s/ Baruch Cohen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    **F 7004–1.SUMMONS.ADV.PROC**

## DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I proudly represent Plaintiff David Berger vs Leslie Klein, in adversary # 2:23-ap-01169-SK.

5. This declaration is in support of the **PLAINTIFFS' REQUEST FOR DEFAULT UNDER LBR 7055-1(a).**

6. On June 9, 2023, Plaintiff filed this instant Complaint for Determination of Nondischargeability of Debts and to Deny Discharge ("Complaint") against Defendant Leslie Klein ("Defendant"). (Dkt. No. 1).

7. On June 9, 2023, this Court issued a Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]. (Dkt. No. 3).

8. On July 7, 2023, this Court issued an Another Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1] ("Summons") due to a clerical error in the original Summons. (Dkt. No. 10).

9. On June 10, 2023, Defendant was served with the Summons and the Complaint by first-class mail. (Dkt. No. 11).

10. Defendant's initial deadline to file and serve a written response was on August 7, 2023.

11. On July 24, 2023, I entered into a stipulation with the attorney of record for Defendant to

11/27-6:17pm

|   |     |                                                                                           |
|---|-----|-------------------------------------------------------------------------------------------|
| 1 |     | extend the time for Defendant to file and serve his response to Plaintiff's Complaint.   |
| 2 |     | Defendant's deadline to file and serve the response was extended to August 22, 2023. (Dkt. |
| 3 |     | No. 16).                                                                                  |
| 4 | 12. | On August 14, 2023, Defendant filed a Motion for Order Dismissing Certain Causes of       |
| 5 |     | Action in Complaint, which was set for hearing on October 18, 2023. (Dkt. No. 18).       |
| 6 | 13. | On October 19, 2023, Defendant's counsel of record filed a Notice of Withdrawal as       |
| 7 |     | Counsel. (Dkt. No. 32).                                                                   |
| 8 | 14. | By Order dated November 8, 2023, the Court granted Defendant's Motion for Order           |
| 9 |     | Dismissing Certain Causes of Action in Complaint. (Dkt. No. 36). The Order is silent on  |
|10 |     | the deadline for Defendant to file and serve a response to the remaining claims. However,|
|11 |     | per the Court's Order at the hearing on Defendant's Motion for Order Dismissing Certain  |
|12 |     | Causes of Action in Complaint, Defendant was ordered to respond to the Complaint by      |
|13 |     | 11-18-2023. Defendant was present at the hearing.                                         |
|14 | 15. | On November 27, 2023, I visited this Court's docket and discovered Defendant, now Pro    |
|15 |     | Se, had not filed and served his response to Plaintiff's Complaint.                       |
|16 | 16. | On November 27, 2023, I warned Defendant that Plaintiff intends to file for default against |
|17 |     | him - pursuant to: Section 15 of the State Bar's enacted California Attorney Guidelines of |
|18 |     | Civility and Professionalism; Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc., |
|19 |     | (2019) 36 Cal.App.5th at 134,137, No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App.        |
|20 |     | Oct. 17, 2022); ; Fasuyi v. Permatex, Inc., 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008),   |
|21 |     | quoting Au-Yang v. Barton, 90 Cal. Rptr. 2d 227 (1999)); Lasalle v. Vogel, 36 Cal. App.  |
|22 |     | 5th 127, 248 Cal. Rptr. 3d 263 (2019); Pearson v. Continental Airlines, (1970) 11 Cal.3d |
|23 |     | 613, 619); Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68-5:70.           |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 27, 2023, at Los Angeles, California.

By   /S/ *Baruch C. Cohen*
Baruch C. Cohen, Esq

11/27-6:17pm

-2-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/28/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Michael S Kogan (DF) | mkogan@koganlawfirm.com |
| Baruch C Cohen (PL) | bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com |
| Michael I. Gottfried (IP) | mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com |
| Nikko Salvatore Stevens (IP) | nikko@cym.law, mandi@cym.law |
| Clarisse Young (IP) | youngshumaker@smcounsel.com, levern@smcounsel.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 11/28/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/28/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/28/2023 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |