Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
　A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiff David Berger*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>　Debtor and Debtor in Possession,<br><br>―――――――――――<br>DAVID BERGER,<br><br>　Plaintiff<br><br>vs.<br><br>LESLIE KLEIN<br><br>　Defendant | Case No. 2:23-bk-10990-SK<br><br>Adv. No. 2:23-ap-01169-SK<br><br>Hon. Sandra Klein<br><br>Chapter 11<br><br>**DAVID BERGER'S REPLY TO DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Doc-51]**<br><br>Date: 2-14-2024<br>Time: 9:00am<br>Place: 255 E. Temple Street, Los Angeles<br>Courtroom: 1575 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

　Plaintiff David Berger ("Plaintiff"), hereby replies to the Declaration of Eric J. Olson in Response to Plaintiff's Motion for Default Judgment "Olson Declaration") [Doc-51].

DATED:　February 7, 2024　　　　LAW OFFICE OF BARUCH C. COHEN
　　　　　　　　　　　　　　　　　A Professional Law Corporation


　　　　　　　　　　　　　　　　　By   /s/ Baruch C. Cohen
　　　　　　　　　　　　　　　　　Baruch C. Cohen, Esq.
　　　　　　　　　　　　　　　　　*Attorney For Plaintiff David Berger*

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

        THE OLSON DECLARATION - TO THE EXTENT IT SERVES AS AN
            OPPOSITION - IS LATE AND PROPERLY DISREGARDED. . . . . . -4-

        THE OLSON DECLARATION DOES NOT QUALIFY AS A MOTION TO SET
            ASIDE ENTRY OF DEFAULT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

        THE OLSON DECLARATION FAILS TO PRESENT "GOOD CAUSE"
            GROUNDS UNDER FRCP 55© AND FRBP 7055, AND FAILS TO
            PRESENT EVIDENCE AND GROUNDS FOR MISTAKE,
            INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT, UNDER
            FRCP 60(B)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

        DEFENDANT WAS CULPABLE WHICH LED TO THE DEFAULT . . . . . . -5-

        DEFENDANT HAS NO MERITORIOUS DEFENSE TO THE COMPLAINT
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

        REOPENING THE LITIGATION PREJUDICES PLAINTIFFS . . . . . . . . . . . -8-

    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

# TABLE OF AUTHORITIES

**CASES**

*Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Franchise Holding II*, 375 F.3d at, 926 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Halper v. Cohen (In re Halper)*, 2019 WL 2762340, BAP No. CC-18-1225-TaLS, at *5 (B.A.P. 9th Cir. Jun. 28, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*U.S. v. Signed Pers. Check*, 615 F.3d 1085 at 1094 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

**STATUTES**

FRBP 7055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

FRBP 9024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

FRCP 55(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

FRCP 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

FRCP 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

LBR 9013-1(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**OTHER**

1 Schwarzer, Tashima and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 6:150 at 6-40 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

1. **MEMORANDUM OF POINTS & AUTHORITIES**

    a. **RELEVANT FACTS**

On 6-9- 2023, Plaintiff filed this instant Complaint for Determination of Nondischargeability of Debts and to Deny Discharge pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6); & for Denial of Discharge Pursuant to 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)("Complaint") against Defendant Leslie Klein ("Defendant"). [Doc-1] Adv. # 2:23-ap-01169-SK.

On 6-9-2023, the Court's *Summons & Notice of Status Conference* ("Summons") [Doc-3] set 7-10-2023 as the Defendant's deadline to respond to the Complaint.

On 7-7-2023, the Court's 2nd *Summons & Notice of Status Conference* ("Summons") [Doc-10] set 8-7-2023 as the Defendant's deadline to respond to the Complaint.

On 7-10-2023, Plaintiffs filed and served the Complaint, Summons and Early Meeting of Counsel and Status Conference Instructions Effective February 17, 2012 on Defendant [Doc-11].

On 7-24-2023, Klein substituted Michael Kogan as his defense counsel. [Doc-13].

On 7-24-2023, the parties executed and signed a Stipulation to Extend Time to Respond to Complaint for Nondischargeability, etc. [Doc-14]

On 7-24-2023, the Court signed the Order on Stipulation to Extend Time to Respond to Complaint for Nondischargeability, etc, continuing Defendant's response date to 8-22-2023. [Doc-16].

On 8-14-2023, Kogan moved to dismiss the 727 causes of action. [Doc-18].

On 10-18-2023, the Court held its hearing on Defendant's Motion for Order Dismissing Certain Causes of Action in Complaint [Doc-36], and granted the Motion, dismissing without prejudice causes of action for Denial of Discharge Pursuant to 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5).

On 10-19-2023, Kogan moved to withdraw as Klein's counsel [Doc-30].

On 11-9-2023, the Court entered its Order Granting Motion of Leslie Klein for an Order

-1-

Dismissing Certain Causes of Action in the Complaint [Doc-38].

On 11-27-2023, Cohen gave Klein a professional courtesy notice of Plaintiffs' intentions to pursue a default against the Defendant, pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism.

On 11-28-2023, this Court entered a default against Klein for Determination of Nondischargeability of Debts and to Deny Discharge pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6) [Doc-43].

On 11-29-2023, after the default was entered, Olson surfaced - without a filed substitution of attorney - requested a stipulation setting aside the default, and a continued response date. See, Olson Declaration, Exhibit"B" [Doc-51]

On 12-6-2023, Plaintiff filed his Unilateral Status Report - since Defendant defaulted. [Doc-42]

On 12-7-2023, Defendant - in pro per - filed a Unilateral Status Report [Doc-47], wherein Defendant acknowledged that his answer was not filed and might have to file a motion to set aside the default.

On 12-8-2023, Olson followed up with Cohen requesting same. See, See, Olson Declaration, Exhibit "C" [Doc-51]

Olson's 11-29-2023 and 12-8-2023 letters were irrelevant and nullities since Olson was not counsel of record for Defendant. Olson never substituted into this adversary as counsel for Defendant, admitting that he's not even a "real bankruptcy attorney." Accordingly, his letters to Plaintiff's counsel are of no consequence, as Plaintiff's counsel had no obligation to respond to Defendant's non-lawyer. Plaintiffs, after being victimized by Defendant for so long, and out of so much money, could not in good faith agree to Defendant's further requests for extensions.

On 12-19-2023, Plaintiff filed his Motion for Default Judgment [Doc-48] scheduled for 2-14-2024.

On 1-2-2024, Defendant filed his Answer to Complaint to Deny Discharge of Debt and Denial of Discharge [Doc-50] - without first setting aside the 11-28-2023 default.

-2-

On 2-5-2024, Defendant filed the Olson Declaration [Doc-52].

    b.    **LEGAL ARGUMENT**

The Olson Declaration is borne from status quo of Defendant's strategic delay tactics and the Court should deny it. Defendant fails to satisfy all three of the *Falk* factors, notwithstanding that failure to satisfy any is grounds to deny relief to Defendant. The culpability for Defendant's failure to file a response by the twice-postponed deadlines rests with Defendant. Moreover, the Olson Declaration does not allege facts constituting defenses to the Complaint. Finally, reopening the litigation prejudices Plaintiffs who will suffer more injury prosecuting the Complaint incurring more fees and costs against Defendant. The Olson Declaration fails under the Falk factors, therefore Defendant's request for relief is properly denied.

    i.    **THE OLSON DECLARATION - TO THE EXTENT IT SERVES AS AN OPPOSITION - IS LATE AND PROPERLY DISREGARDED**

LBR 9013-1(f)(1) requires opposition to be filed not later than 14 days before the date designated for hearing. The hearing date is 2-14-2024, and any opposition was due 1-31-2024. On 2-5-2024, Defendant filed the Olson Declaration [Doc-49]

    ii.    **THE OLSON DECLARATION DOES NOT QUALIFY AS A MOTION TO SET ASIDE ENTRY OF DEFAULT**.

FRCP 55(c), incorporated into bankruptcy proceedings by FRBP 7055, allows a court to set aside entry of default for "good cause," and allows the court to set aside default pursuant to FRCP 60(b), incorporated into bankruptcy proceedings by FRBP 9024, wherein the court may grant relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. See FRCP 60(b)(1). Such a motion must be brought within a reasonable time of the court's entry of default. See 1 Schwarzer, Tashima and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 6:150 at 6-40 (2011).

The Olson Declaration was not filed within a reasonable time. On 11-28-2023, this Court entered a default against Klein, and the Olson Declaration was filed on 2-5-2024, sixty-nine (69) days later.

Defendant's 1-2-2024 Answer is also a nullity, since Plaintiff did not first obtain an order setting aside the 11-28-2023 default. Plaintiff had no obligation t move to set aside Defendant's Answer for that reason - it was procedurally improper. Defendant's 1-2-2024 Answer is also meritless, since Defendant has provided no authority for his proposition that Plaintiffs "opened up the default' by filing their Amended Proofs of Claim to reflect the increased interest owed.

The Olson Declaration is also a nullity since Eric Olson is not counsel of record for Defendant. Olson did substitute into this adversary as counsel for Defendant - after Kogan withdrew as counsel. Olson admitted that he's not even a bankruptcy attorney. Accordingly, Olson's letters to Plaintiff's counsel are irrelevant, as Cohen had no obligation to respond to Defendant's non-lawyer.

    iii. **THE OLSON DECLARATION FAILS TO PRESENT "GOOD CAUSE" GROUNDS UNDER FRCP 55(c) AND FRBP 7055, AND FAILS TO PRESENT EVIDENCE AND GROUNDS FOR MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT, UNDER FRCP 60(B)(1)**.

The Ninth Circuit has explained three factors must be satisfied to meet the "good cause" standard of FRCP 55(c):

> To determine "good cause", a court must "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party ... . This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.

*U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) (the "Falk Factors"). The party seeking to vacate the default bears the burden of proof. See, *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

///

///

iv. **DEFENDANT WAS CULPABLE WHICH LED TO THE DEFAULT**

The Olson Declaration lacks merit under the factors set forth in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) that Defendant's culpable conduct led to the default because Defendant had actual knowledge of his deadline to timely respond to the complaint and let the deadline knowingly and intentionally pass (presumably because Defendant benefitted from two prior stipulations to extend the deadline).

"The Ninth Circuit has held that a 'defendant's conduct is culpable for purposes of the Falk factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Halper v. Cohen (In re Halper)*, 2019 WL 2762340, BAP No. CC-18-1225-TaLS, at *5 (B.A.P. 9th Cir. Jun. 28, 2019). If a defendant "has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." *Franchise Holding II*, 375 F.3d, at 926.

In this instance, there is no question that Defendant had actual notice of the extended Response Deadline of 11-18-2023. Per the Court's instructions on 10-18-2023 on Defendant's Motion for Order Dismissing Certain Causes of Action in Complaint, Defendant was at the hearing and was instructed by the Court to respond to the Complaint by 11-18-2023. On 11-27-2023, Cohen gave Klein a professional courtesy notice of Plaintiffs' intentions to pursue a default against the Defendant, pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism. Defendant's 12-7-2023 Unilateral Status Report [Doc-47], further acknowledged that his answer was not filed and might have to file a motion to set aside the default.

Thus, no argument can be made that Defendant did not have notice—actual or constructive—of the continued Response Deadline of 11-18-2023 and, under controlling Ninth Circuit law, the failure to file a response by the Response Deadline is culpable conduct by Defendant.

The Olson Declaration did not raise an argument that excusable neglect exists in this

-5-

case, and if did, it would be groundless. The Olson Declaration does not attest to any error, mistake, misunderstanding, or other excuse for failure to comply with the requirement to timely respond to the Complaint. Next, even if it had submitted one, the testimony would lack credibility. A deadline to respond to a complaint and summons is not unique to bankruptcy law and Olson furthermore demonstrated his familiarity with the importance of such deadline when he requested and obtained the first extension. There is no excusable neglect. Defendant and his non-counsel simply ignored the deadline. This is a prime example of culpable conduct.

Defendant is also a (dubious) attorney himself and should understand the importance of a deadline for responding to a complaint, as well as the consequences of missing such a deadline.

v.     **DEFENDANT HAS NO MERITORIOUS DEFENSE TO THE COMPLAINT**

With regard to this second factor:

> A defendant seeking to vacate a default judgment must **present specific facts that would constitute a defense**. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy... . All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default ... . Rather, that question 'would be the subject of the later litigation.' [Emphasis Added]

*U.S. v. Signed Pers. Check*, 615 F.3d 1085 at 1094.

Here, the Olson Declaration and the Defendant's Answer alleged zero facts that would constitute a defense to the claims for relief under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) (collectively, "523 Claims"). The burden is on Defendant to present the "specific facts" that would constitute a defense to the 523 Claims. See *Franchise Holding II*, 375 F.3d at, 926. The Olson Declaration and the Defendant's Answer failed to carry that burden.

There is nothing whatsoever in the Olson Declaration and the Defendant's Answer that amounts to allegations of "sufficient facts that, if true, would constitute a defense" *(U.S. v. Signed Pers. Check*, supra), nor do they assert any such facts. Instead, Defendant merely, baldly contends that he has meritorious legal defenses - without specifying the facts supporting them. This argument does not even come close to addressing the requirement that Defendant "must

-6-

present specific facts that would constitute a defense." *U.S. v. Signed Pers. Check*, supra. To obtain relief from default, the burden is on Defendant to demonstrate a meritorious defense. Reliance on the fallacious argument "Plaintiff has not proved the elements of those causes of action" is unavailing.

Defendant through the Olson Declaration must prove a meritorious case. This is near to impossible considering the circumstances - Defendant is a criminal, fraudster, thief, a "sophisticated" attorney, and discredited accountant.

### vi. REOPENING THE LITIGATION PREJUDICES PLAINTIFFS

"Under *Falk*, the question for prejudice is whether the plaintiff's ability to pursue its claim will be hindered" and attorneys' fees incurred by the non-defaulting party "are a significant source of prejudice." *Halper*, supra at *6.

Here, Plaintiff will be prejudiced if the Olson Declaration somehow constituted an effective Motion in that they will be forced to incur additional and duplicative attorneys' fees to potentially relitigate facts and issues for which Defendant has no defense (as acknowledged by his failure to even allege facts to contest the allegations of the Complaint). Defendant wants to delay and waste time litigating against the Complaint. But Plaintiff does not. More delay is the sole motivation for the Olson Declaration, a tactic overused by Defendant.

### c. CONCLUSION

Plaintiff understands the preference for judgment on the merits. But this is not that. The Olson Declaration proffers no excuse for the neglect of Defendant. The [late and procedurally improper] Olson Declaration does not proffer the requisite showing of a defense based on the merits - because there is no defense. The burden is on Defendant and he failed to carry it.

Based on the foregoing, Plaintiff requests the [late and procedurally improper] Olson Declaration be disregarded, in that Defendant has failed to carry his burden to show the absence of all or frankly any of the three *Falk* factors. Defendant engaged in culpable conduct, failed to allege any facts that would constitute a meritorious defense, and reopening the litigation would severely prejudice Plaintiff.

1  ///

2  DATED:        February 7, 2024            LAW OFFICE OF BARUCH C. COHEN
                                             A Professional Law Corporation

                                             By    /S/ Baruch C. Cohen
                                             Baruch C. Cohen, Esq.
                                             *Attorney For Plaintiff David Berger*

-8-

///

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **DAVID BERGER'S REPLY TO DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Doc-51]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/7/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Baruch C Cohen (PL) | bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com |
| Michael I. Gottfried (IP) | mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com |
| Nikko Salvatore Stevens (IP) | nikko@cym.law, mandi@cym.law |
| Clarisse Young (IP) | youngshumaker@smcounsel.com, levern@smcounsel.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 2/7/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Leslie Klein, 322 N. June Street, Los Angeles, CA 90001

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 2/7/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/7/2024 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |