Leslie Klein
322 North June Street
Los Angeles, California 90004
TELEPHONE: (818) 501-2663
EMAIL: les.kleinlaw@gmail.com

Debtor In Pro Se

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. No.: 2:23-ap-01169-SK |
| DAVID BERGER, | **DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Place:     Courtroom 1575 |
| LESLIE KLEIN, | Date:      February 14, 2024 |
| Defendant. | Time:      9:00 A.M. |

Comes now the Defendant, Leslie Klein (**"Defendant"**) for himself only, and for his response to the Motion for Default Judgment (the **"Motion"**) filed by David Berger (the **"Plaintiff"**) presents the attached Declaration of Eric J. Olson:

Dated: February _9_, 2024

LESLIE KLEIN
Defendant

Leslie Klein
322 North June Street
Los Angeles, California 90004
TELEPHONE: (818) 501-2663
EMAIL: les.kleinlaw@gmail.com

Debtor In Pro Se

FILED

FEB 1 2 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. No.: 2:23-ap-01169-SK |
| DAVID BERGER, | **DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Place:    Courtroom 1575 |
| LESLIE KLEIN, | Date:     February 14, 2024 |
| Defendant. | Time:     9:00 A.M. |

Comes now the Defendant, Leslie Klein (**"Defendant"**) for himself only, and for his response to the Motion for Default Judgment (the **"Motion"**) filed by David Berger (the **"Plaintiff"**) presents the attached Declaration of Eric J. Olson:

Dated: February 9, 2024

_____
LESLIE KLEIN
Defendant

- 1 -
**DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT**

**JUDGMENT**

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s)  DAVID BERGER | Case No: 2:23-bk-10990-SK  Adv. No: 2:23-ap-01169-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicated method for each person or entity served):
On 2/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

**DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| DAVID BERGER | Adv. No: 2:23-ap-01169-SK |

## I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- Baruch C. Cohen    bcc@baruchcohenesq.com,
  paralegal@baruchcohenesq.com
- Michael I. Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com,
  lwageman@elkinskalt.com, docketing@elkinskalt.com
- Nikko Salvatore Stevens    nikko@cym.law, mandi@cym.law
- United States Trustee (LA) ustpregion16.la.ecf@esdoj.gov

## II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL – VIA U.S. MAIL</u>

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple Street #1582
Los Angeles, California 90012

**DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT**

**JUDGMENT**

## DECLARATION OF ERIC J OLSON RE MOTIONS FOR DEFAULT

## JUDGMENT BY BERGER AND MERMELSTEIN

ERIC OLSON states:

1.      I am an attorney at law, at one period I appeared on behalf of Leslie Klein while he engaged a bankruptcy lawyer, but I was substituted out in favor of the bankruptcy lawyer. Subsequently I have, without appearing, consulted with Mr. Klein and drafted documents for him in pro se. All matters set forth herein are based on my own first-hand knowledge unless stated otherwise and I am competent to testify thereto.

2.      Based on the facts below, the motions of both plaintiffs should be denied because:

         a.      EACH PLAINTIFF RECOGNIZED HIS/HER OBLIGATION TO GIVE DEFENDANT KLEIN WARNING OF A POTENTIAL DEFAULT BUT THEN THE NEXT DAY, FILED THEIR REQUESTS FOR DEFAULT.  DEFENDANT RESPONDED PROMPTLY BUT PLAINTIFFS FAILED TO RESPOND TO HIS REQUEST TO STIPULATE TO SET ASIDE THE DEFAULT SO THE ANSWERS COULD BE FILED.  THE COURT SHOULD

DECLARATION OF ERIC J. OLSON RE: MOTIONS FOR DEFAULT JUDGMENT BY BERGER AND
MERMELSTEIN
- 1 -

PERMIT THE ANSWERS REFERRED TO BELOW TO BE
FILED.

b.    SUBSEQUENTLY    EACH    PLAINTIFF    FILED
AMENDMENTS   TO   THEIR   CLAIMS   SUBSTANTIALLY
INCREASING THEM. TAKING THE POSITION THAT THIS
"OPENED" THE DEFAULTS, DEFENDANT HAS FILED
ANSWERS TO THE MOTIONS AS AMENDED BY THE
AMENDED CLAIMS, NO OBJECTION HAS BEEN RECEIVED
OR MOTION TO STRIKE OR OTHERWISE SET ASIDE SUCH
ANSWERS. BY REASON OF SUCH ANSWERS DEFAULT
JUDGMENTS SHOULD BE DENIED.

3.    On November 27, 2023 the Attorney for Plaintiff Berger sent the
letter dated November 27, 2023 attached as Exhibit A warning of
Proposed Default. He also sent an identical letter on behalf of the
Mermelstein Plaintiffs.

4.    The authorities cited by the Attorney regarding warning include
reference to Weil & Brown, Civil Procedure Before Trial (Rutter 2007)
5:68- 5.70. In 5.71 Rutter states: "PRACTICE POINTER If you're
representing plaintiff and have had *any* contact with a lawyer
representing defendant, don't even *attempt* to get a default entered

without giving such lawyer written notice of your intent to request entry of default, *and a reasonable time within which time within which defendant's pleading must be filed to prevent your doing so.* [Fasuyi v. Permatex, Inc., supra 167 CA4th at 701...[quoting text]

5.    At an earlier time, when I was attorney of record for Mr. Klein, I dealt with the attorney for Plaintiffs herein and prepared a stipulation for extension to plead which both parties signed and the Court approved.

6.    Mr. Klein contacted us on or about November 28, 2023 to draft answers for him.  On or about November 28, 2023 I asked my assistant to check the dockets and he reported that such Plaintiffs had already requested entry of default.  I sent the attorney a letter on November 29, 2023, a copy of which, together with the additional sections from Rutter that I referred to therein as Exhibit B.  I never heard back from him.

7.    On December 8, 2023 I followed up with an email, a copy of which is attached as Exhibit C.  I never heard back from him.

8.    I was informed that there was a status conference on or about December 20, 2023 where Mr. Klein was instructed to present his grounds for being permitted to file answers and set aside the defaults at hearings scheduled 2/14/24.  Such grounds appear herein.

9.      Subsequently in each case the Plaintiff(s) filed amendments to
their claims and I revised the draft answers referred to in Exhibit C for
Mr. Klein and had my assistant present them for filing on his behalf.
Such Answers were filed and conformed copies are attached hereto
as Exhibit D (as to Berger) and E (as to Mermelstein).  I have not heard
directly or indirectly from the attorney for Plaintiffs about them.

I declare under penalty of perjury under the laws of the United States that
the foregoing is true and correct and executed at Pasadena, California this
February 2, 2024.

Eric J. Olson

| In re: LESLIE KLEIN                    Debtor(s) | Chapter: 11 |
|---|---|
| DAVID BERGER | Case No: 2:23-bk-10990-SK |
| | Adv. No: 2:23-ap-01169-SK |

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/12/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicated method for each person or entity served):
On 2/12/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/12/2024 | Jasper Pantaleon | |
|---|---|---|
| Date | Type Name | Signature |

- 2 -
**DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT**

**JUDGMENT**

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| Debtor(s) | Case No: 2:23-bk-10990-SK |
| DAVID BERGER | Adv. No: 2:23-ap-01169-SK |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Baruch C. Cohen   bcc@baruchcohenesq.com,
  paralegal@baruchcohenesq.com
- Michael I. Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com,
  lwageman@elkinskalt.com, docketing@elkinskalt.com
- Nikko Salvatore Stevens   nikko@cym.law, mandi@cym.law
- United States Trustee (LA) ustpregion16.la.ecf@esdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL – VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple Street #1582
Los Angeles, California 90012

- 3 -
**DECLARATION OF ERIC J. OLSON IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT**

# EXHIBIT A

Law Office of

# BARUCH C. COHEN, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com

Telephone: (323) 937-4501
Facsimile: (888) 316-6107
bcc4929@gmail.com

November 27, 2023

*Via Email: les.kleinlaw@gmail.com*

Leslie Klein
322 North June Street
Los Angeles, CA 90001

Leslie Klein
14245 Ventura Boulevard, 3rd Floor
Sherman Oaks, CA 91423

Re:    *David Berger vs Leslie Klein, 2:23-ap-01169-SK, Warning of Proposed Default*

Dear Mr. Klein:

Per the Court's Order on Defendant's Motion for Order Dismissing Certain Causes of Action in Complaint, you were supposed to respond to the Complaint by 11-18-2023. As of today, 11-27-2023, you failed to respond to the Complaint. As you are representing yourself in pro per, I am giving you a professional courtesy notice of our intentions to pursue a default against the you.[1]

If you have any questions or comments regarding the above, please do not hesitate to call.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:    David Berger
D:\DATA\DOCS\BERGER-2\WARNING OF PROPOSED DEFAULT.wpd
11/27-9:50am

---

[1] Pursuant to: Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism; *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.,* (2019) 36 Cal.App.5th at 134,137, No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App. Oct. 17, 2022); ; *Fasuyi v. Permatex, Inc.,* 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008), quoting *Au-Yang v. Barton,* 90 Cal. Rptr. 2d 227 (1999)); *Lasalle v. Vogel,* 36 Cal. App. 5th 127, 248 Cal. Rptr. 3d 263 (2019); *Pearson v. Continental Airlines,* (1970) 11 Cal.3d 613, 619); Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68-5:70

Page 1 of  1

# EXHIBIT B

# Eric J. Olson

Attorney at Law

T: (818) 245 2246
C: (626) 224 5619
www.EJOlsonLaw.com
Eric@EJOlsonLaw.com

November 29, 2023

Baruch C. Cohen, Esq.          email: baruchcohen@baruchcohenesq.com

Re: Mermelstein v. Leslie Klein – Case No. 2:23-ap-01153-SK
    Berger v. Leslie Klein – Case No. 2:23-ap-01169-SK

Dear Mr. Cohen:

I am writing regarding your letters dated November 27 "Warning of Proposed Default".

Mr. Klein, who is still in pro se, requested that I contact you to advise that I have been asked to assist him in drafting answers. To my surprise, my assistant advised that he found notices from the Clerk that your office had submitted requests to enter default yesterday and they were entered.

I am requesting that you confirm that you will stipulate to setting aside the default to permit him to file his answers (which I would contemplate tendering to the Court with the stipulation). That would be consistent with 9th Circuit authority. See *Ahanchian v. Xenon Pictures, Inc.* (9th Cir 2010). See also Civil Procedure Before Trial (TRG) 5.29-5.29.1(b). I hope to have answers ready by December 8, 2023.

Mr. Klein is still in pro se as he seeks to engage a new "real" bankruptcy lawyer.

I understand that the Court has urged the parties to see if they cannot mediate the various complaints and we hope to have arrangements soon.

Very truly yours,

*Eric Olson*

Eric Olson

301 E. Colorado Blvd, Ste 520, Pasadena, CA 91101

(b) **Examples**

1) **[5:27]** In a personal injury action, if summons is served by substitute service, D's response is not due until *40 days* after copies of the summons and complaint were *mailed* to defendant (10 days after the mailing, plus 30 days to respond), whereas if D had been served personally, he or she would have had only 30 days to respond.

2) **[5:28]** In an unlawful detainer action, if the summons and complaint are served personally, D has only 5 days within which to file a responsive pleading, but if substitute service is used, D would have *15 days* after copies are *mailed*.

(2) **[5:29]** **Where time extended:** Defendant's time to respond to the complaint may be extended, either by stipulation with plaintiff's counsel (limited to 15 days—Gov.C. §68616), or by court order on a showing of "good cause" (limited to 30 days without adverse party's consent—CCP §1054).

(a) **[5:29.1]** **Duty to extend:** Unless time is of the essence, judges expect counsel to grant a request for extension within the 15-day limitation imposed by Gov.C. §68616, so as to obviate the need for defendant making an ex parte application which the court is likely to grant.

Some local rules recommend that consideration be given to an opponent's "schedule of professional and personal engagements" and that no unfair and extraneous conditions be attached to a stipulated extension of time to plead. [See L.A. Sup.Ct. Rule 3.26, App. 3.A(a)]

*Civility Guidelines:*
— "Unless time is of the essence, an attorney should agree to an extension without requiring motions or other formalities, regardless of whether the requesting counsel previously refused to grant an extension;
— "An attorney should place conditions on an agreement to an extension only if they are fair and essential or if the attorney is entitled to impose them, for instance to preserve rights or seek reciprocal scheduling concessions." [State Bar California Attorney Guidelines of Civility and Professionalism §6]

As stated by one court, "*We do not approve of the 'hardball' tactics unfortunately used by some law*

5-8

firms today . . . Where, as here, there is no indication of bad faith, prejudice or undue delay, *attorneys should not oppose reasonable requests for extensions* of time brought by their adversaries." [*Ahanchian v. Xenon Pictures, Inc.* (9th Cir. 2010) 624 F3d 1253, 1263 (emphasis added; internal quotes omitted) (citing Cal. Attorney Guidelines of Civility & Prof. §6)]

(b) [5:29.2]   **Duty to warn?**   On expiration of the extension, plaintiff's counsel may request entry of defendant's default. *However,* where the time to respond was extended by stipulation, plaintiff's *duty to warn* before entry of default is *particularly strong.* Entry of default immediately upon expiration of the extension, without prior warning to defense counsel, is a professional discourtesy and would almost certainly be set aside. *See* ¶*5:68 ff.*

*Civility Guideline:* An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning. [State Bar California Attorney Guidelines of Civility and Professionalism §15]

(c) [5:29.3]   **Limitation:**   Parties may not stipulate to more than one 15-day extension of time to plead without court order. [Gov.C. §68616, *see* ¶*6:386;* CRC 3.110(d)]

(d) [5:29.4]   **Application for further extension:**   The court may extend the time to respond *sua sponte* or on a party's application. [CRC 3.110(e)]

A party's application for an order extending the time to *serve any pleading* (complaint, cross-complaint, or responsive pleading) must be filed with the court *before the time for service* has expired. In addition, the application must be accompanied by a declaration:
— "showing why service has not been completed;
— "documenting the efforts that have been made to complete service; and
— "specifying the date by which service is proposed to be completed." [CRC 3.110(e)]

**FORM:**  The application for further extension may be made on optional Judicial Council form CM-020, Ex Parte Application for Extension of Time to Serve Pleading and Orders.

*See Form 5:2* in Rivera, *Cal. Prac. Guide: Civ. Pro. Before Trial FORMS* (TRG).

# EXHIBIT C

**Eric@EJOlsonLaw.com**

| | |
|---|---|
| **From:** | eric@EJOlsonLaw.com |
| **Sent:** | Friday, December 8, 2023 1:03 PM |
| **To:** | baruchcohen@baruchcohenlaw.com |
| **Subject:** | FW: klein - ltr cohen 11-29-23a |
| **Attachments:** | klein - ltr cohen 11-29-23a.pdf |

Mr. Cohen, I am writing to follow up on this letter.  As estimated I have a draft answer and would like to reiterate my request to let me prepare a suitable stipulation and get the answer on file as part of moving forward to attempting to mediate a resolution to this matter.  Please let me know.

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

**From:** eric@EJOlsonLaw.com <eric@EJOlsonLaw.com>
**Sent:** Wednesday, November 29, 2023 4:36 PM
**To:** baruchcohen@baruchcohenesq.com
**Subject:** klein - ltr cohen 11-29-23a

Note New Address

*Eric J Olson*
E J Olson Law
301 E. Colorado Blvd. Ste 520
Pasadena, CA 91101
T: 818 245 2246
C: 626 224 5619
Eric@EJOlsonLaw.com

1

# EXHIBIT D

Leslie Klein
322 North June Street
Los Angeles, California 90004
TELEPHONE: (818) 501-2663
EMAIL: les.kleinlaw@gmail.com





Debtor In Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. No.: 2:23-ap-01169-SK |
| DAVID BERGER, | **ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE (AS AMENDED BY PROOF OF CLAIM DATED DECEMBER 19, 2023)** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, | Place:      Courtroom 1575 |
| Defendant. | |

Comes now the Defendant, Leslie Klein (**"Defendant"**) for himself only, and for

his answer to the Complaint to Deny Discharge of Debt and Denial of Discharge (the

**"Complaint"**) filed by David Berger (the **"Plaintiff"**), and states as follows:

## PREFACE

Plaintiff caused a request for entry default to be filed November 28, 2023 and

Default was entered thereon November 29, 2023. Plaintiff filed Proof of Claim dated

December 19, 2023 thereby opening the default.

## CORE/NON-CORE DESIGNATION

**1.** The Defendant admits the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION, VENUE & STANDING

**2.** The Defendant admits the allegations contained in paragraph 2 of the Complaint.

**3.** The Defendant admits the allegations contained in paragraph 3 of the Complaint.

**4.** The Defendant admits the allegations contained in paragraph 4 of the Complaint except the Plaintiff has filed a Proof of Claim dated December 19, 2023.

## PARTIES

**5.** The Defendant admits the allegations contained in paragraph 5 of the Complaint.

**6.** The Defendant admits the allegations contained in paragraph 6 of the Complaint.

**7.** The Defendant admits the allegations contained in paragraph 7 of the Complaint except that the second sentence (including footnote) should be striken.

## GENERAL ALLEGATIONS

**8-21.** The Defendant generally denies all material allegations contained in paragraphs 8-21 of the Complaint and further alleges that Plaintiff has filed a Proof of Claim on December 19, 2023 increasing the alleged damages to $12,010,958.83; Defendant generally denies all material allegations contained in said Proof of Claim.

## PLAINTIFF's DISCOVERY OF DEFENDANT'S FRAUD

**22.** The Defendant denies the allegations contained in paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF

## (Nondischargeability of Debt – 11 U.S.C §523(a)(2)(A))

**23-30.** The Defendant generally denies all material allegations contained in paragraphs 23-30 of the Complaint and further alleges that Plaintiff has filed a Proof of

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

Claim on December 19, 2023 increasing the alleged damages to $12,010,958.83. Defendant generally denies all material allegations contained in said Proof of Claim.

### SECOND CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C. §523(a)(4))

**31-37.** The Defendant generally denies all material allegations contained in paragraphs 31-37 of the Complaint and further alleges that Plaintiff has filed a Proof of Claim on December 19, 2023 increasing the alleged damages to $12,010,958.83. Defendant generally denies all material allegations contained in said Proof of Claim.

### THIRD CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C. §523(a)(6))

**38-44.** The Defendant generally denies all material allegations contained in paragraphs 38-44 of the Complaint and further alleges that Plaintiff has filed a Proof of Claim on December 19, 2023 increasing the alleged damages to $12,010,958.83. Defendant generally denies all material allegations contained in said Proof of Claim.

### FOURTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(2)(A))

**45-52.** Fourth Claim for Relief is dismissed by Order dated November 9, 2023.

### FIFTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(2)(B))

**53-60.** Fifth Claim for Relief is dismissed by Order dated November 9, 2023.

### SIXTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(3))

**61-65.** Sixth Claim for Relief is dismissed by Order dated November 9, 2023.

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

## SEVENTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(4))

**66-74.** Seventh Claim for Relief is dismissed by Order dated November 9, 2023.

## EIGHTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(5))

**75-77.** Eighth Claim for Relief is dismissed by Order dated November 9, 2023.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert have unclean hands, and Plaintiff accordingly is barred from relief against Defendant for any reason stated in the Complaint or any purported Claim for Relief therein.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant avers that the Complaint, and each purported Claim for Relief therein, is uncertain, ambiguous, and unintelligible.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that all equitable relief sought in the Complaint, and each purported Claim for Relief therein, is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert are estopped from

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

asserting each and every purported Claim for Relief in the Complaint, or from seeking any relief thereby.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert have waived any and all right to relief against Defendant for any reason stated in the Complaint or any purported Claim for Relief therein and that the claims contained in the Complaint are subject to setoff and/or recoupment.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff is barred from recovery against Defendants, in whole or in part, because Plaintiff has failed to satisfy conditions or obligations precedent to Defendants' performance of the contract or contracts.

## EIGHT AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred by the doctrine of release and waiver.

## NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred or reduced by their failure to mitigate their damages.

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred because Plaintiff's consented to Defendant's actions.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve their rights to assert additional defenses as and when they learn of all the claims asserted against them, whether submitted or not, and as their discovery and investigation continues.

**WHEREFORE**, Defendant, respectfully requests an entry of order.

- Dismissing the Complaint as Amended by the Proof of Claim with prejudice;

- Entitling Defendant to recover the costs incurred in defending this action, including attorney's fees; and

- Granting such other and further relief as this Court deems just and proper.

Dated: December __, 2023

_____
LESLIE KLEIN
Defendant

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred because Plaintiff's consented to Defendant's actions

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants reserve their rights to assert additional defenses as and when they learn of all the claims asserted against them, whether submitted or not, and as their discovery and investigation continues

WHEREFORE, Defendant, respectfully requests an entry of order:

- Dismissing the Complaint as Amended by the Proof of Claim with prejudice;

- Entitling Defendant to recover the costs incurred in defending this action, including attorney's fees; and

- Granting such other and further relief as this Court deems just and proper.

Dated: December 2_, 2023

LESLIE KLEIN
Defendant

| AAIn re: LESLIE KLEIN | Chapter: 11 |
|---|---|
|           Debtor(s)<br>DAVID BERGER | Case No: 2:23-bk-10990-SK<br>Adv. No: 2:23-ap-01169-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/17/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 12/17/2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/17/2023 | Eric J. Olson | [signature] |
|---|---|---|
| Date | Type Name | Signature |

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

| In re: LESLIE KLEIN | Chapter: 11 |
|---|---|
| DAVID BERGER    Debtor(s) | Case No: 2:23-bk-10990-SK |
| | Adv. No: 2:23-ap-01169-SK |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Baruch C. Cohen   bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Michael I. Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Nikko Salvatore Stevens   nikko@cym.law, mandi@cym.law
- United States Trustee (LA) ustpregion16.la.ecf@esdoj.gov

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL – VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple Street #1582
Los Angeles, California 90012

- 8 -

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

# EXHIBIT E

FILED

JAN 12 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

Leslie Klein
322 North June Street
Los Angeles, California 90004
TELEPHONE: (818) 501-2663
EMAIL: les.kleinlaw@gmail.com

Debtor In Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. No.: 2:23-ap-01153-SK |
| ROBERT & ESTHER MERMELSTEIN, | **ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE (AS AMENDED BY AMENDED PROOF OF CLAIM FILED 1/10/2024)** |
| Plaintiffs, | |
| v. | |
| LESLIE KLEIN, | Place:        Courtroom 1575 |
| Defendant. | |

Comes now the Defendant, Leslie Klein (**"Defendant"**) for himself only, and for his answer to the Complaint to Deny Discharge of Debt and Denial of Discharge (the **"Complaint"**) filed by Robert Mermelstein and Esther Mermelstein (the **"Plaintiffs"**), and states as follows:

## PREFACE

Plaintiff caused a request for entry default to be filed November 28, 2023 and Default was entered thereon November 28, 2023. Plaintiff filed 6 amended Proof of Claim dated January 10, 2024 thereby opening the default.

- 1 -
**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

## CORE/NON-CORE DESIGNATION

**1.** The Defendant admits the allegations contained in paragraph 1 of the Complaint, and consents to entry of final orders or judgment by the bankruptcy court.

## JURISDICTION, VENUE & STANDING

**2.** The Defendant admits the allegations contained in paragraph 2 of the Complaint.

**3.** The Defendant admits the allegations contained in paragraph 3 of the Complaint.

**4.** The Defendant admits the allegations contained in paragraph 4 of the Complaint.

## PARTIES

**5.** The Defendant admits the allegations contained in paragraph 5 of the Complaint.

**6.** The Defendant admits the allegations contained in paragraph 6 of the Complaint.

**7.** The Defendant admits the allegations contained in paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

**8-36.** The Defendant generally denies all material allegations contained in paragraphs 8-36 of the Complaint and refers to the proceedings in the underlying state court action and other proceedings relating to the funds alleged. The judgment alleged has been appealed.

## PERIODIC PAYMENTS TO PLAINTIFFS FROM DEFENDANT'S IOLTA ACCOUNT

**37.** The Defendant denies the allegations contained in paragraph 37 of the Complaint.

## PLAINTIFF'S DISCOVERY OF DEFENDANT'S FRAUD

**38-40.** The Defendant generally denies all material allegations contained in paragraphs 38-40 of the Complaint and refers to the proceedings in the underlying state court action and other proceedings relating to the funds alleged. The judgment alleged has been appealed.

- 2 -
ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE

## PLAINTIFFS' PROOF OF CLAIMS

41. The Defendant denies the allegations contained in paragraph 38 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C §523(a)(2)(A))

42-49. The Defendant generally denies all material allegations contained in paragraphs 42-49 of the Complaint and refers to the proceedings in the underlying state court action and other proceedings relating to the funds alleged. The judgment alleged has been appealed.

## SECOND CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C. §523(a)(4))

50-56. The Defendant generally denies all material allegations contained in paragraphs 50-56 of the Complaint and refers to the proceedings in the underlying state court action and other proceedings relating to the funds alleged. The judgment alleged has been appealed.

## THIRD CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C. §523(a)(6))

57-63. The Defendant generally denies all material allegations contained in paragraphs 57-63 of the Complaint and refers to the proceedings in the underlying state court action and other proceedings relating to the funds alleged. The judgment alleged has been appealed.

## FOURTH CLAIM FOR RELIEF

### (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(2)(A))

64-71. Fourth Claim for Relief is dismissed by Order dated November 8, 2023.

- 3 -
**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

## FIFTH CLAIM FOR RELIEF

## (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(2)(B))

**72-79.** Fifth Claim for Relief is dismissed by Order dated November 8, 2023.

## SIXTH CLAIM FOR RELIEF

## (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(3))

**80-84.** Sixth Claim for Relief is dismissed by Order dated November 8, 2023.

## SEVENTH CLAIM FOR RELIEF

## (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(4))

**85-93.** Seventh Claim for Relief is dismissed by Order dated November 8, 2023.

## EIGHTH CLAIM FOR RELIEF

## (Objection to Debtor's Discharge – 11 U.S.C. §727(a)(5))

**94-96.** Eighth Claim for Relief is dismissed by Order dated November 8, 2023.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert have unclean hands, and Plaintiff accordingly is barred from relief against Defendant for any reason stated in the Complaint or any purported Claim for Relief therein.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, Defendant avers that the Complaint, and each purported Claim for Relief therein, is uncertain, ambiguous, and unintelligible.

//

- 4 -

**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

## FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that all equitable relief sought in the Complaint, and each purported Claim for Relief therein, is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert are estopped from asserting each and every purported Claim for Relief in the Complaint, or from seeking any relief thereby.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative, Defendant is informed and believes and on that basis avers that Plaintiff and each person whose rights it purports to assert have waived any and all right to relief against Defendant for any reason stated in the Complaint or any purported Claim for Relief therein and that the claims contained in the Complaint are subject to setoff and/or recoupment.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff is barred from recovery against Defendants, in whole or in part, because Plaintiff has failed to satisfy conditions or obligations precedent to Defendants' performance of the contract or contracts.

//

**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

### EIGHT AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred by the doctrine of release and waiver.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred by the doctrine of equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred or reduced by their failure to mitigate their damages.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to each and every cause of action of the Complaint, Defendants allege that Plaintiff's claims are barred because Plaintiff's consented to Defendant's actions.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve their rights to assert additional defenses as and when they learn of all the claims asserted against them, whether submitted or not, and as their discovery and investigation continues.

**WHEREFORE**, Defendant, respectfully requests an entry of order.

- Dismissing the Complaint with prejudice;

**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

- Entitling Defendant to recover the costs incurred in defending this action, including attorney's fees; and

- Granting such other and further relief as this Court deems just and proper.

Dated: January ___, 2024

_____
LESLIE KLEIN
Defendant

- 7 -

**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

- Enjoining Defendants to reimburse the costs incurred in defending this action, including attorney's fees; and

- Granting such other and further relief as this Court deems just and proper.

Dated: _____ 11, 2024

_____
**LESLIE KLEIN**
Defendant

ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENY DISCHARGEABILITY

| In re: LESLIE KLEIN<br><br>ROBERT & ESTHER MERMELSTEIN | Debtor(s) | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>Adv. No: 2:23-ap-01153-SK |
|---|---|---|

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/1/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served):
On 1/1/2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/1/2024 | Eric J. Olson | |
|---|---|---|
| Date | Type Name | Signature |

- 8 -
**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**

| In re: LESLIE KLEIN | Chapter: 11 |
| Debtor(s)<br>ROBERT & ESTHER MERMELSTEIN | Case No: 2:23-bk-10990-SK<br>Adv. No: 2:23-ap-01153-SK |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Baruch C. Cohen   bcc@baruchcohenesq.com,
  paralegal@baruchcohenesq.com
- Michael I. Gottfried   mgottfried@elkinskalt.com, cavila@elkinskalt.com,
  lwageman@elkinskalt.com, docketing@elkinskalt.com
- Nikko Salvatore Stevens   nikko@cym.law, mandi@cym.law
- United States Trustee (LA) ustpregio16.la.ecf@usdoj.gov
- Clarisse Young      youngshumaker@smcounsel.com, levern@smcounsel.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL – VIA U.S. MAIL**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple Street #1582
Los Angeles, California 90012

**ANSWER TO COMPLAINT TO DENY DISCHARGE OF DEBT AND DENIAL OF DISCHARGE**